Walmor, Inc. v. Commissioner.
Walmor, Inc. v. Commissioner
Docket No. 15954.
United States Tax Court
1948 Tax Ct. Memo LEXIS 161; 7 T.C.M. (CCH) 372; T.C.M. (RIA) 48109; June 18, 1948
*161 Clemens R. Frank, Esq., and J. Leslie Morgan, (an officer), 6007 Euclid Ave., Cleveland, Ohio, for the petitioner. Lawrence R. Bloomenthal, Esq., for the respondent. MURDOCK
Memorandum Findings of Fact and Opinion The Commissioner determined deficiencies as follows: Declared Value
Income Tax
Excess-Profits Tax
1943
$1,124.00
$303.53
1944
672.14
313.81
1945
630.58
288.70 The issues for decision are, first, whether the Commissioner erred in disallowing the excess over $6,000 a year claimed as salary for the president and principal stockholder of the petitioner and, second, whether he erred in disallowing for each year all or a part of the deduction claimed as an addition to reserve for bad debts. Findings of Fact The petitioner, a corporation, filed its returns for the years in question with the collector of internal revenue for the 18th district of Ohio. It was engaged in the small loan business. J. Leslie Morgan organized the petitioner which was incorporated on February 13, 1935. He paid in at that time $2,000 for all of the stock of the petitioner and has owned all of that stock except qualifying shares ever since. He *162 has been the president of the petitioner and its only officer. Morgan had had some experience with small loan companies in Cleveland. His mother-in-law loaned money to the business from time to time and assisted Morgan in obtaining loans elsewhere for the business. Morgan also loaned money to the petitioner. Interest was paid on all loans except those made by Morgan. The board of directors, at the beginning of each of the taxable years, voted to Morgan a salary of $10,000 for the year. The gross receipts of the business varied from $15,280.47 in 1937 to $23,753.97 in 1943. The net income before Morgan's salary varied from $6,135.48 in 1940 to $9,347.07 in 1941. It was for the taxable years as follows: 1943
$9,299.50
1944
9,134.96
1945
8,859.42
The following table shows the amount of cash withdrawn by Morgan during each of the taxable years, and the additional amount represented by a "salary note" in each year: Cash
Note
1943
$6,616.61
$2,683.39
1944
8,442.35
693.00
1945
7,308.35
1,550.00
The petitioner never paid a dividend, never had a surplus, and had a deficit of about $182 during each of the taxable years. The Commissioner, *163 in determining the deficiencies, allowed a deduction of $6,000 for compensation of J. Leslie Morgan for each of the taxable years and disallowed the excess over that amount. He held that $6,000 constituted reasonable compensation for each year for the services rendered by J. Leslie Morgan. A reasonable allowance for salary and other compensation for personal services actually rendered by J. Leslie Morgan to the petitioner during each of the taxable years was $8,500. The loans receivable of the petitioner at the end of each of the taxable years were as follows: 1943
$ 96,871.29
1944
100,264.83
1945
112,779.84
The following table shows pertinent information in regard to the reserve for bad debts as shown by the petitioner's returns: Reserve for bad debts 1/1/43
$2,129.39
Recoveries 1943
1,225.63
3,355.02
1943 Charge offs
1,827.20
1,527.82
1943 Addition
1,500.00
3,027.82
1944 Charge offs
960.22
2,067.60
1944 Addition
1,000.00
3,067.60
1945 Charge offs
489.71
2,577.89
1945 Addition
513.05
3,090.94
The Commissioner in determining the deficiency for 1943, disallowed the deduction of $1,500 claimed as an addition *164 to the reserve for bad debts and explained that the balance in the reserve of $1,527.82 as of December 31, 1943, before the addition, was adequate. He eliminated the bad debt recovery of $1,132.60 from income for 1944 and disallowed the deduction of $1,000 claimed as an addition to the reserve for that year, explaining that the recoveries should be added to the reserve and with the recoveries the balance in the reserve at the end of that year was adequate without any addition. He made a similar adjustment and explanation for 1945, eliminating $560.36 of bad debt recoveries from income and disallowing the addition to reserve of $513.05. The Commissioner did not err in his adjustments for bad debts and in failing to allow any deduction for additions to the reserve for bad debts during the taxable years. Opinion MURDOCK, Judge: Morgan voted himself a salary of $10,000 each year, although the petitioner never earned $10,000 in any year. He then charged to salary, and claimed as a deduction for each year, about the entire amount earned with the result that the petitioner never had any surplus but carried a small deficit and, of course, never paid any dividends. The returns did not *165 show any taxable income beginning with 1941. Morgan in effect was the petitioner and was responsible for whatever success it had. There was some capital invested and used in this business, part of which he had paid in for shares and part of which he was lending without charging interest. That capital earned some income and due allowance should be made therefor. The rest of the income can be properly attributed to the personal services of Morgan. A finding has been made that a reasonable allowance for his salary for each of the taxable years is $8,500. The evidence fails to show that the Commissioner erred in regard to the reserve for bad debts. Apparently, the petitioner made recoveries in each of the taxable years for bad debts previously charged off but reported them as income for 1944 and 1945, whereas it had not reported the recoveries as income for 1943. The Commissioner held that all of the recoveries should be added to the reserve and not reported as income. These adjustments actually benefited the petitioner and reduced its income for 1944 and 1945. The evidence does not show that the reserve thus constructed for each of the taxable years was inadequate or that the Commissioner *166 erred in the adjustments which he made. Decision will be entered under Rule 50.